IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANCIS STONE,

    Plaintiff,

v.                                                                       CASE NO. 1:10-cv-00159-MP-GRJ

MARTHA HUMPHRIES, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate serving a life sentence in the custody of the Florida Department of Corrections, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C § 1983 (Doc. 1) and paying the filing fee. Now pending before the Court are Doc. 22, Defendants' Motion for Sanctions and Dismissal Based on Plaintiff's Failure to Disclose Prior Filings, and Doc. 23, Plaintiff's Motion for Leave to Amend the Complaint. The Court previously denied Plaintiff's motion for a temporary restraining order and deferred a ruling on his motion for a preliminary injunction pending a response to the motion. Docs. 14, 20. For the following reasons, the undersigned recommends that the motion to dismiss be granted, that Plaintiff's pending motions be denied, and that this case be dismissed without prejudice for abuse of the judicial process.

Plaintiff executed the civil rights complaint form under penalty of perjury. Doc. 1 at 13. Plaintiff alleges that he is a member of the Hells Angels Motorcycle Club and that he has been incarcerated for approximately 24 years. Plaintiff alleges that during his incarceration he received mail from other Hells Angels members without incident

until June 2009, when he was transferred temporarily to the Central Florida Reception Center (CFRC) from Mayo Correctional Institution.  The CFRC mailroom returned mail sent to Plaintiff by Hells Angels members.  Plaintiff alleges that following his return to Mayo the Warden informed him that mail from Hells Angels members would not be delivered to Plaintiff because it was gang material and posed a threat to the institution.  Plaintiff alleges that the restriction on his mail violates his First and Fourteenth Amendment rights.  Plaintiff seeks declaratory and injunctive relief against prison officials and the Secretary of the Department of Corrections.  *Id*. at 5-13.

Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits and warns that "failure to disclose <u>all</u> prior civil cases may result in the dismissal of this case.  If you are unsure of any prior cases you have filed, that fact must be disclosed as well."  *Id*. at 3.  Section IV. A. requires prisoners to disclose whether they have initiated other actions in state court "dealing with the same or similar fact/issues involved in this action."  Plaintiff checked "No."  *Id*.  Section IV. C. requires prisoners to disclose whether they have initiated actions in either state or federal court relating to the fact or manner of incarceration or the conditions of confinement.  Plaintiff again checked "No."  *Id*. at 4.

Defendants contend that this case should be dismissed without prejudice because Plaintiff failed to exercise candor and honesty in completing the civil rights complaint form.  As support for the motion, Defendants note that Plaintiff previously filed an action in state court arising from Avon Park Correctional Institution's refusal to deliver various publications and personal letters which either contained materials from or referred to the Hells Angels Motorcycle Club.  *See Stone v. Ward*, 752 So.2d 100

(Fla. 2nd DCA 2000) (affirming trial court's denial of petition for mandamus alleging that prison wrongfully refused to deliver mail bearing the Hells Angels logo). Defendants contend that Plaintiff's failure to disclose the prior state case contravenes the clear disclosure requirement of the Court's form. Defendants argue that the facts underlying Plaintiff's prior state case support a conclusion that Plaintiff's sworn allegation in this case – that Plaintiff had no problem receiving Hells Angels mail until 2009 – is patently false. Defendants contend that dismissal is an appropriate sanction for Plaintiff's dishonesty. Doc. 22.

Plaintiff has been afforded sufficient time to respond to the motion to dismiss. Rather than responding to the arguments in the motion, Plaintiff filed a motion for leave to amend the complaint, contending that in the interests of justice he should be allowed to amend to "cure defects" in the complaint. Doc. 23.

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

previously filed lawsuits[.]" *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.[2]

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with

---

[2]Plaintiff in this case is not proceeding as a pauper under 28 U.S.C § 1915, but his complaint remains subject to the PLRA's screening provision. The PLRA permits dismissal of a complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," on the basis that the complaint is frivolous, malicious, or fails to state a claim, regardless whether the Plaintiff has paid the filing fee. *See* 28 U.S.C § 1915A.

widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff has offered no reason for failing to disclose his prior case, which plainly pertains directly to the claims asserted in the instant complaint. The requirements of the complaint form are clear, and Plaintiff does not contend otherwise. The undersigned therefore concludes that Plaintiff has abused the judicial process, and that dismissal is an appropriate sanction for such abuse.

Accordingly, it is respectfully **RECOMMENDED:**

1. That Plaintiff's motion for preliminary injunction, Doc. 14, be **DENIED;**

2. That Plaintiff's motion to amend, Doc. 23, be **DENIED**;

3. That Defendants' motion to dismiss, Doc. 22, be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C § 1915A.
.
**IN CHAMBERS** this 5th day of April 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**